FILED
CHARLOTTE, NC
JUL 18 2012
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No: 3:12 CV 191

| | |
|---|---|
| SCHAEFER SYSTEMS INTERNATIONAL, INC.,<br><br>                Plaintiff,<br><br>v.<br><br>ROBERTUS A. SCHMIT,<br><br>                Defendant. | **CONSENT PROTECTIVE ORDER** |

Upon the joint motion of Plaintiff Schaefer Systems International, Inc. ("SSI") and Defendant Robertus A. Schmit ("Schmit") for the entry of a Protective Order, pursuant to Fed. R. Civ. P. 26(c), and for good cause shown,

IT IS THEREFORE ORDERED:

1. That the documents, testimony, interrogatory answers and other information in the following categories shall be kept confidential and shall not be disclosed to anyone except as set forth below:

    (a) All proprietary business, technical, customer and personnel documents, and information that any party or third-party designates as "CONFIDENTIAL" and produces to another party in response to that party's interrogatories, requests for production of documents, subpoena or other discovery requests;

    (b) The contents of such "CONFIDENTIAL" documents; and

    (c) All deposition testimony relating to the "CONFIDENTIAL" documents or their contents or to any other information designated by either party as "CONFIDENTIAL."

2. That the documents, information and testimony in the categories listed above may be disclosed only to the following in connection with their use in this litigation: the parties; counsel, including other attorneys in the same firm and their clerical and paralegal employees; expert witnesses if retained by either party to testify in this case; or witnesses, but only such documents, testimony and other evidence that relate directly to the testimony of that witness may be disclosed to a non-party witness.

3. That each person subject to this Order shall review and consent to the terms of this Order before viewing any of the documents or other materials protected by this Order.

4. That neither the originals nor copies of such "CONFIDENTIAL" documents or deposition transcripts may be given to anyone other than the parties or their counsel as described; and that following the conclusion of the trial in this case and expiration of all periods for appeal, the disposition of the originals and all copies of the "CONFIDENTIAL" documents shall be subject to further order or direction of this Court.

5. That either party may use and disclose to the Court any documents or information designated as "CONFIDENTIAL" in connection with a motion, brief, exhibit, or other document filed with or presented to the Court, a witness, or the jury. The parties agree that any documents designated as "CONFIDENTIAL" may be filed with the Court under seal.

6. To the extent that any party believes in good faith that any document, testimony, or information contains non-public, highly sensitive or highly confidential and proprietary business or trade secret information, that party may designate such material as "Attorney's Eyes Only." Such material shall be subject to the following additional conditions beyond those specified in the preceding paragraphs for Confidential Information:

(a) During any portion of a deposition in which Attorneys' Eyes Only Information is referenced, at the request of the producing party, the only persons who may he present are 1) attorneys of record for the parties; (2) the witness; and (3) a stenographer. Any pages of a deposition transcript that are designated as Attorneys' Eyes Only Information shall he separately bound by the court reporter labeled "Attorneys' Eyes Only Information Subject To Court Order," and treated as Attorneys' Eyes Only Information under this Order. The persons present at such depositions may not disclose, directly or indirectly. any Attorneys' Eyes Only Information, except as permitted under this Order.

(b) Any person subject to this Order may designate specific deposition testimony, transcript pages, or exhibits as Attorneys' Eyes Only Information by notice on the record at the deposition or in writing to counsel for all parties and the deponent, or in the case of any documents produced pursuant to discovery, by adding to the document the language: CONFIDENTIAL. SUBJECT TO PROTECTIVE ORDER. FOR ATTORNEY'S EYES ONLY.

(c) Any and all documents and other materials or information which shall be designated "Attorneys' Eyes Only," may he disclosed only to: (1) counsel of record of this action and his/her employees or outside copy services or document management contractors; (2) the Court and its employees; (3) court reporters; (4) third-party witnesses or potential witnesses who drafted, authored, received, or viewed such Attorneys' Eyes Only Information without any party's violation of this order, subject to subparagraph (d) below; and (5) consulting and/or testifying experts, who are not employed by or associated with any competitor of the producing party. Such information shall not be disclosed to any third parties that are not identified in this paragraph and any Attorneys' Eyes Only Information received by the aforementioned persons identified in this paragraph shall not be used for any purpose other than for this litigation.

(d) Prior to disclosing any Attorneys' Eyes Only Information to any consulting or testifying expert, counsel for the disclosing party shall provide written notice to the producing party of the name, title, address and employer of the consulting or testifying expert to whom counsel would like to disclose the Attorneys' Eyes Only Information. The producing party shall then have ten (10) business days to object or consent. If the producing party does not respond within ten (10) business days, the lack of response shall he deemed a consent. If the producing party objects, the Attorneys' Eyes Only Information cannot he shown to the consulting or testifying expert, absent a Court order. A consulting or testifying expert to whom the Attorneys' Eyes Only Information is provided shall execute Exhibit A attached hereto.

7. This order is applicable to any documents or information produced by a third party subject to discovery procedures. Any such third party may designate documents or information as Confidential Information or Attorneys' Eyes Only to the same extent as is available to the parties. Information under the terms of this Order and, when so designated. the designated information shall he treated by the parties in conformance with this Order.

8. That this Protective Order does not affect the right of any party to challenge the designation of any information or document as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

9. That the ultimate disposition of protected materials shall be subject to final order of the Court upon completion of the litigation.

ROBINSON BRADSHAW & HINSON, P.A.

s/Douglas M. Jarrell

Charles E. Johnson
N.C. Bar No. 9890
cejohnson@rbh.com
Douglas M. Jarrell
N.C. Bar No. 21138
djarrell@rbh.com

101 North Tryon Street, Suite 1900
Charlotte, NC 28246
Phone: 704.377.2536
Fax: 704.378.4000

*Attorneys for Plaintiff*

3121747

ESSEX RICHARDS, P.A.

s/Louis L. Lesesne

Louis L. Lesesne
N.C. Bar No. 6723
llesesne@essexrichards.com

1701 South Boulevard
Charlotte, NC 28203
Phone: 704.377.4300
Fax: 704.372.1375

*Attorney for Defendant*

So Ordered, this 17th day July, 2012.

Graham C. Mullen